IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM H. ANDERSON | § | No. 5:16-CV-433-DAE |
| Plaintiff, | § | |
| vs. | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| Defendant. | § | |

ORDER GRANTING MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Wells Fargo Home Mortgage ("Wells Fargo" or "Defendant"). (Dkt. # 7.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the Motion and supporting memorandum[1], the Court, for the reasons that follow, **GRANTS** Defendant's Motion.

BACKGROUND

This case is about the anticipated foreclosure on real property located at 1736 Stone Haven, Pleasanton, TX 78064 (the "Property"). ("Orig. Pet.," Dkt. # 1, Ex. 1 ¶ 5.) On September 20, 2011, William Anderson ("Plaintiff" or

---

[1] William Anderson, who is represented by counsel, failed to respond to Defendant's Motion to Dismiss.

1

"Borrower") obtained a loan in the amount of $192,006.00 to purchase the Property and secured the loan with a deed of trust in favor of the lender SWBC Mortgage Corporation ("SWBC").  ("Note," Dkt. # 7, Ex. A.)  The deed of trust made Mortgage Electronic Registration Systems, Inc. ("MERS") the beneficiary. ("Deed of Trust," Dkt. #7, Ex. B.)  On August 5, 2014, MERS assigned the deed of trust to Wells Fargo.  ("Wells Fargo Assignment," Dkt. # 7, Ex. C.)[2]

Subsequently, Plaintiff allegedly defaulted on his mortgage payments causing Wells Fargo to initiate foreclosure proceedings.  (Orig. Pet. ¶ 6.)  The foreclosure sale was scheduled for May 3, 2016.  (Dkt. # 7, Ex. D ¶ 3.)  On May 2, 2016, Plaintiff filed suit in the 81st Judicial District Court of Atascosa County, Texas, seeking a temporary restraining order to enjoin Wells Fargo from proceeding with the Property's foreclosure sale.  (Orig. Pet.)  On May 3, 2016, the state court issued a temporary restraining order.  (Dkt. # 7, Ex. D.)

On May 10, 2016, Defendant timely removed this action to federal court pursuant to 28 U.S.C. § 1446(b), and this Court has jurisdiction pursuant to

---

[2] The Court takes judicial notice of the note, deed of trust, and all assignments pursuant to Federal Rule of Evidence 201 as properly recorded and official property records of Atascosa County, Texas.  The Court also notes that Plaintiff referenced these records and the records are central to Plaintiff's claims. Accordingly, the Court may rely on these documents to adjudicate the pending motion.  Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")

28 U.S.C. § 1332(a). (Dkt. #1 at 1.)

Plaintiff's state court petition seeking a restraining order raises three arguments in support of his position. First, Plaintiff alleges that Wells Fargo has erroneously maintained payment records and has failed to provide an accounting. (Orig. Pet. ¶ 6−10.) Second, Plaintiff alleges that Wells Fargo lacks authority to foreclose. (Id. ¶¶ 12, 16.) Finally, Plaintiff alleges Wells Fargo should be estopped from foreclosing because of an alleged promise to modify the loan. (Id. 15.)

On June 14, 2016, Wells Fargo filed a Motion to Dismiss for failure to state a claim. (Dkt. # 7.) Plaintiff had fourteen days to file a Response, but failed to do so.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

I. Standing to Foreclose

Plaintiff asserts that Wells Fargo does not have the authority to foreclose on the Property.

The Texas Property Code grants either a "mortgagee" or a "mortgage servicer" standing to foreclose. Tex. Prop. Code § 51.0025. Under Texas law, a mortgagee includes "the grantee, beneficiary, owner, or holder of a security instrument or the last person to whom the security interest has been assigned of record." Id. § 51.0001(4). Absent a clause limiting assignment, a deed of trust is assignable. Crowell v. Bexar Cty., 351 S.W.3d 114, 117 (Tex. App.—San Antonio 2011, no pet.) (citing Vernor v. Sw. Fed. Land Bank Ass'n, 77 S.W.3d 364, 366 (Tex. App.—San Antonio 2002, pet. denied).

Here, the Deed of Trust contains no limitations on assignment. MERs assigned the Deed of Trust to Wells Fargo on August 5, 2014, and it was properly recorded in the public records of Atacosta County, Texas, on August 26, 2014. (Dkt. # 7, Ex. C.) Thus, the mortgage was properly assigned. As assignee, Wells

Fargo obtained the rights to enforce the Deed of Trust, which included the right to foreclose.  Thus, Wells Fargo has the authority to foreclose as the "last person to whom the security interest [had] been assigned of record." Tex. Prop. Code § 51.0001(4).

Plaintiff further claims that Defendant was only assigned the Deed of Trust, and thus does not have the authority to foreclose because it does not possess the Note. (Orig. Pet. ¶ 16.)  Plaintiff is asserting the "split-the-note" theory even though the weight of Texas authority does not follow this approach.[3]  The Fifth Circuit has held that the "split-the-note" theory does not apply "where the foreclosing party is a mortgage-servicer and the mortgage has been properly assigned.  The party to foreclose need not possess the note itself." Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 255 (5th Cir. 2013).  As a result, since Plaintiff admits that Wells Fargo is the mortgage servicer, Wells Fargo's authority to foreclose is not jeopardized because it was only assigned the Deed of Trust and not the Note.

Lastly, Plaintiff claims that he "[has] good reason to believe that the bank did not legally assign the note or that there are defects in the assignment and therefore, the chain of title to the Security Instrument has been broken and

---

[3] Under this theory "a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null.  In order to foreclose, the theory goes, a party must hold both the note and the deed of trust." Martins, 722 F.3d at 254.

therefore, Defendant's authority to foreclose under the Texas Property Code is questionable." (Orig. Pet. ¶ 16.) Plaintiff's conclusory allegations are insufficient under Rule 12(b)(6) standards. Indeed, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Twombly, 550 U.S at 555. For the above-referenced reasons, Plaintiff fails to state a claim upon which the Court can grant relief.

II.   Promissory Estoppel

Plaintiff argues that he was "misled to believe that no foreclosure would take place until the modification review was completed or that [he] qualified for a modification of [the] underlying debt." (Orig. Pet. ¶ 15.) Wells Fargo raises statute of frauds as a defense.

"To state a claim for promissory estoppel, the plaintiff must allege facts showing (1) a promise, (2) foreseeability of reliance on that promise by the promisor, and (3) substantial reliance on the promise by the promisee to its detriment." Trevino & Assocs. Mechanical, LP v. Frost Nat'l Bank, 400 S.W. 3d 139, 146 (Tex. App. 2013). Under Texas law, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02(b); see also

6

Martins, 722 F.3d at 256 ("An agreement regarding the transfer of property or modification of a loan must . . . be in writing to be valid.")  Accordingly, to assert a valid promissory estoppel claim, a plaintiff must allege that the defendant promised to sign an agreement in writing that would meet the requirements of the statute of frauds where the loan modification exceeds $50,000 in value.  Maginn v. Norwest Mortg., Inc., 919 S.W.2d 164, 167−68 (Tex. App. 1996); Bank of Tex., N.A. v. Gaubert, 286 S.W.3d 546, 554−55 (Tex. App. 2009);  Barcenas v. Fed. Home Loan Mortg. Corp., No. H-12-2466, 2013 WL 286250, at *5 (S.D. Tex. Jan. 24, 2013).

   Here, Plaintiff asserts that he was "misled to believe that no foreclosure would take place until the modification review was completed or that Plaintiff was qualified for a modification of their underlying debt."  (Orig. Pet. ¶ 15.)  Plaintiff contends that because of his reliance on Defendant's statements, he accrued a substantial amount of debt.  (Id.)  Nevertheless, Plaintiff does not meet the requirements necessary to establish a promissory estoppel claim because he does not allege that Defendant promised to sign an existing agreement as required by the statute of frauds.  See Milton v. U.S. Bank Nat. Ass'n, 508 F.App'x 326, 329 (5th Cir. 2013) ("Plaintiff's promissory estoppel claim is unavailing because plaintiff has failed to allege or introduce evidence that [defendant] promised to reduce its alleged oral misrepresentations into writing.")  As a result, Plaintiff's

promissory estoppel claim fails because it does not satisfy the statute of frauds.

### III.   Request for Accounting

Plaintiff asserts that "Defendant should be ordered to account for the totals of the arrears of the sums allegedly owed by Plaintiff and account for all notices which were provided to borrower in compliance with the Texas Property Code." (Orig. Pet. ¶ 11.)  Some courts have held that an accounting is strictly an equitable remedy and thus not a separate cause of action, while others "have treated an action for an accounting as a suit in equity as well as a remedy." Donnelly v. JP Morgan Chase, No. H-13-1379, 2014 WL 429246, at *3 (S.D. Tex. Feb. 4, 2014).  Regardless of "[w]hether an accounting is only an equitable remedy or also an independent cause of action, it is appropriate only when the facts and accounts presented are so complex that adequate relief may not be obtained at law."  Id.  Plaintiff has alleged no facts that make his accounts complex, and thus an accounting is not necessary.  See Burbank v. Compass Bank, No. 1:15-CV-60, 2016 WL 3618691, at *8 (E.D. Tex. Mar. 29, 2016) ("[P]laintiff has not pled facts indicating that the accounts and facts in this case are so complex that adequate relief cannot be obtained through his separate causes of action stated in his . . . [c]omplaint.")  As a result, Plaintiff's accounting claim is denied.

### IV.   Request for Declaratory and Injunctive Relief

Finally, Plaintiff seeks both declaratory and injunctive relief.  Plaintiff

requests the Court to determine what the Plaintiff owes Defendant, if anything, as well as to award Plaintiff any special or general damages the Court deems appropriate. (Orig. Pet., ¶ 19.) "When a declaratory judgment action is filed in state court and is later removed to federal court, it is converted to an action brought under the federal Declaratory Judgment Act." Donnelly v. JP Morgan Chase Bank, No. H-15-1671, 2015 WL 6690257, at *4 (S.D. Tex. Oct. 16, 2015) (citing 28 U.S.C. §§ 2201-02). Additionally, the federal Declaratory Judgment Act is a procedural mechanism and "thus requires a substantial and continuing controversy between two parties." Id. (citing Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003)). Because this Court has dismissed all of Plaintiff's claims, his declaratory judgment action must also be dismissed.

Plaintiff asks the Court to restrain Defendant from selling the Property to others. (Orig. Pet., ¶ 19.) Nevertheless, "[a] permanent injunction is not an independent cause of action but an equitable remedy that depends on an underlying cause of action." Id. (citing Massey v. EMC Mortg. Corp., 546 F.App'x 477, 483 (5th Cir. 2013)). Because all of Plaintiff's underlying causes of action have been dismissed, Plaintiff cannot receive injunctive relief. Plaintiff's claims for declaratory and injunctive relief are denied.

## CONCLUSION

Thus, for the reasons explained above, this Court **GRANTS**

9

Defendant's Motion (Dkt. # 7) and **ORDERS** this case **DISMISSED WITHOUT PREJUDICE**. The hearing scheduled on September 15, 2016, is **CANCELED**.

      **IT IS SO ORDERED.**

    **DATED:** San Antonio, Texas, August 8, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE